IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| RJF CHIROPRACTIC CENTER, INC., an Ohio corporation, individually and as the representative of a class of similarly-situated persons, | )<br>)<br>)<br>) |
| Plaintiff, | ) Civil Action No.: 3:16-cv-00842<br>)<br>) **CLASS ACTION** |
| v. | )<br>) |
| BSN MEDICAL, INC. and JOHN DOES 1-10, | )<br>) |
| Defendants. | ) |

### PLAINTIFF'S "*PLACEHOLDER*" MOTION FOR CLASS CERTIFICATION AND REQUEST FOR STATUS CONFERENCE

NOW COMES Plaintiff, pursuant to Fed. R. Civ. P. 23(a), (b)(3) and (g), and hereby submits its Motion for Class Certification pursuant to *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011) (holding plaintiff "can move to certify the class at the same time that they file their complaint" and that "[t]he pendency of that motion protects a putative class from attempts to buy off the named plaintiffs").

**A.** **Proposed Class Definition.**

Plaintiff proposes the following class definition:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability or quality of any property, goods, or services by or on behalf of Defendants, (3) from whom Defendants did not obtain "prior express invitation or permission" to send fax advertisements, and (4) with whom Defendants did not have an established business relationship, and/or (5) which did not display a proper opt-out notice.

Defendants sent Plaintiff and others a standardized form advertisement. Plaintiff anticipates that the proposed class definition may change after discovery defines the precise

contours of the class and the advertisements that were sent. Plaintiff requests leave to submit a brief and other evidence in support of this Motion after discovery about the class elements.

**B.     Numerosity.**

A class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). On information and belief, the number of persons and entities of the Plaintiff Class is numerous and joinder of all members is impracticable. On information and belief, Defendants' advertisements were successfully sent to at least forty facsimile numbers. Individual joinder of absent class members is impracticable.

**C.     Commonality.**

Rule 23(a) also requires "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Commonality requires that there are questions of law or fact common to the class. *Thorn v. Jefferson-Pilot Life Ins. Co*., 445 F.3d 311, 319 (4th Cir. 2006). A "common question is one that can be resolved for each class member in a single hearing" and that "a question is not common, by contrast, if its resolution turns on a consideration of the individual circumstances of each class members." *Thorn*, 445 F.3d at 319. In order to satisfy the commonality requirement, the plaintiff must "demonstrate that the class members 'have suffered the same injury,'" and that the claim "depend[s] upon a common contention" that "is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Gray v. Hearst Communications, Inc*., 444 Fed. Appx. 698, 700 (4th Cir. 2011) quoting *Wal–Mart Stores, Inc., v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (quoting *Gen. Tel. Co. of Southwest v. Falcon,* 457 U.S. 147, 156 (1982).

Here, the commonality requirement is satisfied because the named plaintiff shares several questions of law and fact with the prospective class. Defendants engaged in standardized conduct

involving a common nucleus of operative facts by faxing a single advertisement form to persons on a list generated by Defendants and/or a third party, which did not obtain prior express invitation or permission to send Defendants' advertisement by fax. Accordingly, commonality is satisfied. *Thorn*, 445 F.3d at 319; *Gray*, 444 Fed. Appx. at 700 (citations omitted).

**D.      Typicality.**

Rule 23(a)'s third requirement is that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Plaintiff's claims and the other proposed class members' claims all arise from Defendants' fax campaign. Thus, all class member claims' arise from the same transaction or occurrence.

**E.      Adequacy of Representation.**

Rule 23(a)'s final requirement is that the class representative must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). There is no antagonism between the interests of Plaintiff and those of the other class members. Plaintiff's counsel are experienced lawyers and they are adequate counsel for the class.

**F.      Predominance.**

Rule 23(b)(3) requires that common questions of law or fact predominate over individual questions. As discussed above, common legal issues predominate because the class members' claims arise under the same federal statute. Common fact issues also predominate.

**G.      Superiority.**

Rule 23(b)(3) also requires that a class action be the superior method for adjudicating the claims. Certifying a class is the "superior" way when the "'class action would achieve economies of time, effort, and expense, and promote … uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results.'"

3

*Amchem Prods. v. Windsor,* 521 U.S. 591, 615 (1997).

## CONCLUSION

The proposed class meets the requirements of Rules 23(a), (b)(3) and (g). Plaintiff requests that the Court certify the class, appoint Plaintiff as the class representative, and appoint Plaintiff's attorneys as class counsel. Plaintiff will file its memorandum after Rule 23 discovery has been completed. The parties need to meet and confer and propose a Rule 23 discovery schedule with this Court. Plaintiff respectfully requests a status conference with the Court as soon as practicable.

        Respectfully submitted,

        BIG THYME ENTERPRISES, INC., individually
        and as the representative of a class of similarly-
        situated persons.

        By: s/  Chad McGowan

        Chad McGowan, Fed No. 6620, NC 28211
        McGOWAN HOOD FELDER
        1517 Hampton St.
        Columbia, SC  29201
        Telephone:  803-779-0100
        Fax:  803-256-0702

        and

        Brian J. Wanca (*pro hac vice to be submitted)*
        ANDERSON + WANCA
        3701 Algonquin Road, Suite 500
        Rolling Meadows, IL  60008
        Telephone:  847-368-1500
        Facsimile:  847-368-1501

        *Attorneys for Plaintiff and the Class*

## **CERTIFICATE OF SERVICE**

   I hereby certify that on December 13, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record and a copy will be served upon Defendants at the same time the Summons and Complaint are served.

                 s/ Chad McGowan