# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:16-CV-00842-RJC-DSC

| | |
|---|---|
| RJF CHIROPRACTIC CENTER, INC, an Ohio corporation, individually and as the representative of a class of similarly-situated per-sons, | )<br>)<br>)<br>) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| BSN MEDICAL, INC. and JOHN DOES 1-10, | )<br>)<br>) |
| Defendants. | )<br>) |

**THIS MATTER** comes before the Court on Plaintiff's Complaint, (Doc. No. 1), Plaintiff's "Placeholder" Motion for Class Certification and Request for Status Conference, (Doc. No. 2), and Defendant's Memorandum in Opposition, (Doc. No. 11).

## I. BACKGROUND

On December 14, 2016, RJF Chiropractic Center, Inc. ("RJF") filed a Complaint before this Court alleging the defendants violated the Federal Telephone Consumer Protection Act of 1991 as amended by the Junk Fax Prevention Act of 2005, 47 USC § 227 ("JFPA"). (Doc. No. 1 ¶¶ 1–2). These defendants include BSN Medical, Inc. ("BSN"), an Ohio corporation, and John Does 1–10, whose identity RJF alleges will be identified through discovery but remain presently unknown. (Id. ¶¶ 9–10).

Specifically, RJF alleges that around January 9, 2013, Defendants sent an unsolicited advertisement to RJF by way of telephone facsimile machine. (Id.). RJF states that Defendants continued to send these faxes to RJF and others, thus violating the JFPA. (Id. ¶ 2). As a result, RJF

argues that the defendants' unsolicited faxes damage recipients by invading their privacy and consuming paper, toner, and time. (Id. ¶ 35). In this suit, RJF comes before the Court on behalf of itself and all others similarly situated and ask this Court to certify a class comprised of those who received Defendants' alleged faxes. (Id. ¶ 4). RJF defines this class as:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability or quality of any property, goods, or services by or on behalf of Defendants, (3) from whom Defendants did not obtain "prior express invitation or permission" to send fax advertisements, and (4) with whom Defendants did not have an established business relationship, and/or (5) which did not display a proper opt-out notice.

(Id. ¶ 17). In justifying the certification of the above class, RJF states that, upon information and belief, the proposed class contains more than 40 members who share a common questions of law and fact. (Doc. No. 2 at 2). The common questions of law and fact, RJF alleges, derive from Defendants' "standardized conduct" of "faxing a single advertisement form to persons on a list generated by Defendants and/or third a third party, which did not obtain prior express invitation or permission to send Defendants' advertisement by fax." (Id. at 2–3).

Defendant BSN has responded individually arguing that RJF's "motion should be denied because it is premature, unsupported, and in violation of the Federal and Local Rules." (Doc. No. 11 at 2). Specifically, BSN states RJF's Complaint and Motion to Certify Class amounts to nothing more than unsupported allegations. BSN relies upon the Federal Rules of Civil Procedure, arguing that Rule 23 has a higher standard requiring affirmative demonstrations by RJF to prove that the prerequisites of class have been fulfilled. (Id.). Furthermore, BSN points to the Local Rules, asserting that they don't allow "placeholder" motions such as the one RJF has filed. (Id. at 3). By "placeholder," BSN alludes to motions that relate back to the filing date, allowing plaintiffs to "race to the courthouse to file empty, placeholder motions that may or may not ever be litigated,

and that are neither required nor encouraged by the Federal Rules of Civil Procedure . . . ." (Id.) (citing Family Med. Pharmacy, LLC v. Perfumania Holdings, No. CV 15-0563-WS-C, 2016 WL 3680696, at *2 (S.D. Ala. July 5, 2016)).

## II. LEGAL STANDARD

"The district court has broad discretion in deciding whether to certify a class." Thorn v. Jefferson-Pilot Life Ins. Co., 445 F.3d 311, 317 (4th Cir. 2006) (internal quotation marks omitted). In the execution of this discretion, a court must accept the substantive allegations of the complaint as true and "interpret Rule 23 in such a manner as to promote justice and judicial efficiency." Farrar & Farrar Dairy, Inc., 254 F.R.D. at 72; In re Kirschner Med. Corp. Sec. Litig., 139 F.R.D. 74, 84 (D. Md. 1991). Nonetheless, the burden of establishing certification remains with the party seeking class certification. Thorn v. Jefferson-Pilot Life Ind. Co., 445 F.3d 311,314 (4th Cir. 2006). A class "may only be certified if the trial court is satisfied, after rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." Gen Tel. Co. of Sw. v. Falcon, 457 U.S. 147, 161 (1982).

## III. DISCUSSION

The class action is "an exception to the usual rule that litigation is conducted by and on the behalf of the individual named parties only." Comcast Corp. v. Behrend, 133 S. Ct. 1423 (2013) (citing Califano v. Yamasaski, 442 U.S. 682, 700–701 (1979)). To fall within the exception, a party seeking to maintain a class action "must affirmatively demonstrate his compliance" with Rule 23 of the Federal Rules of Civil Procedure. This rule requires a two-part test for certifying a class. First, the plaintiff must establish the four requirements under Rule 23(a):

  (1) The class is so numerous that joinder of all members is impracticable;
  (2) There are questions of law or fact common to the class;
  (3) The claims or defenses of the representative parties are typical of the claims
    or defenses of the class; and

> (4) The representative parties will fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23(a); see also Gunnells v. Healthplan Servs., 348 F.3d 417, 423 (4th Cir. 2003). "These basic prerequisites are commonly referred to as numerosity, commonality, typicality, and adequacy, respectively." Farrar & Farrar Dairy, Inc., 254 F.R.D. 68, 71 (E.D.N.C. 2008). If all of the requirements of Fed. R. Civ. P (23)(a) are met, the putative class must then show that it also fits into one of the three categories enumerated in Rule 23(b). FED. R. CIV. P. 23(b).

Rule 23 requires a "rigorous analysis." Gen Tel. Co. of Sw., 457 U.S. at 161. It "does not set forth a mere pleading standard." Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 350 (2011). Rather, plaintiffs must prove affirmatively that there are in fact sufficiently numerous parties, common questions of law or fact, etc. Id. However, after careful consideration of RJF's motion to certify class, the Court need not even begin to analyze this test. As a placeholder, RJF's motion never intended to satisfy Rule 23. At least not yet. Rather, it seems to be a tactical motion aimed to prevent defendants from offering individual named plaintiffs relief while giving nothing to the class. See Campbell-Ewald Co. v. Gomez, 136 S. Ct. 663, 668 (2016); see also, Career Counseling, Inc. v. Amsterdam Printing & Litho, Inc., No. 3:15-CV-05061-JMC, 2016 WL 3679345, at *1 (D.S.C. July 12, 2016). Perhaps plaintiffs want to keep defendants from offering judgment pursuant to Federal Rule of Civil Procedure 68 to named plaintiffs with the intention of rendering the individual plaintiff's claim moot prior to class certification. Campbell-Ewald Co., 136 S. Ct. at 668. By filing vague placeholder motions to certify class simultaneously with their complaint, plaintiffs beat defendants to the punch.

While federal courts were previously split on how these "pick-off" scenarios were handled,[1] the Supreme Court has recently addressed the situation in Campbell-Ewald Co. v. Gomez, 136 S. Ct. 663 (2016). Writing for the majority, Justice Ginsburg held that a plaintiff's complaint is not destroyed by an unaccepted offer to satisfy her claim. Id. at 670. The Court explained that, "[u]nder basic principles of contract law, [a plaintiff's] settlement bid and Rule 68 offer of judgment, once rejected, had no continuing efficacy." Id. at 670.

After considering this recent Supreme Court decision, the Court denies RJF's "Placeholder" Motion to Certify Class because it has been rendered an obsolete procedural tactic by the Campbell-Ewald Co. RJF's complaint faces no threat of becoming moot if BSN attempts to pick-off RJF as long as RJF does not accept that offer.[2] With such a threat extinguished, the Court is left with a pending motion filled with vague allegations that is of no utility to either party. As a "placeholder," RJF's motion contains unrefined allegations and remains unresolved. Career Counseling, Inc., 2016 WL 3679345, at *4. In fact, RJF's motion, filed contemporaneously with his complaint, has lingered in the docket since December 12, 2016. (Doc. No. 2).

---

[1] The Supreme Court noticed this split in Campbell-Ewald Co., 136 S. Ct. at 669. (Comparing Bais Yaakov v. ACT, Inc., 798 F.3d 46, 52 (C.A.1 2015); Hooks v. Landmark Industries, Inc., 797 F.3d 309, 315 (C.A.5 2015); Chapman v. First Index, Inc., 796 F.3d 783, 787 (C.A.7 2015); Tanasi v. New Alliance Bank, 786 F.3d 195, 200 (C.A.2 2015); Stein v. Buccaneers Limited Partnership, 772 F.3d 698, 703 (C.A.11 2014); Diaz, 732 F.3d, at 954–955, with Warren v. Sessoms & Rogers, P.A., 676 F.3d 365, 371 (C.A.4 2012); O'Brien v. Ed Donnelly Enterprises, Inc., 575 F.3d 567, 574–575 (C.A.6 2009); Weiss v. Regal Collections, 385 F.3d 337, 340 (C.A.3 2004)).

[2] Campbell-Ewald Co. did not address the scenario in which a plaintiff's claim is picked off and funds have been tendered or where a plaintiff accepts a defendant's offer. Career Counseling, Inc., 2016 WL 3679345. Nor has the Fourth Circuit decided these questions. Id. However, there is no evidence before the Court that Defendants have made or intend to make a Rule 68 offer to Plaintiff. "Without that information, this court would be left with indefinitely prolonging a pending, unresolved motion on its docket were it to allow the placeholder motion to linger. This has been an issue to which other district courts understandably have been adverse." Id. at *4.

It is a well-established maxim that Rule 23 "does not set forth a mere pleading standard." Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 350 (2011). Rather, plaintiffs must prove affirmatively that there are in fact sufficiently numerous parties, common questions of law or fact, etc. Id. The placeholder motion before this Court, however, is little more than another form of RJF's complaint. It provides nothing more than a vague pleading standard. Having been filed prior to any discovery, it stands no chance of surviving the rigorous gambit of Rule 23.

The Court also agrees with BSN that RJF's placeholder motion violates the Local Rules. Rule 7.1 states that briefs must be filed contemporaneously with a motion. LCvR 7.1(C) Requirement of Briefs. The only motions exempt from this requirement are "motions for extension of time, continuances, admission pro hac vice, or early discovery." Id. RJF filed their motion to certify class the same day they filed their complaint. (Doc. Nos. 1, 2). No supporting brief was filed. In fact, no reply was ever filed after BSN's Response to Motion to Certify Class (Doc. No. 11).

## IV.  CONCLUSION

This placeholder motion to certify class fails to establish Rule 23's requirements of numerosity, commonality, typicality, and adequacy. As such, this Court denies RJF's motion to certify class without prejudice.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Certify Class, (Doc. No. 2) is **DENIED** without prejudice and with leave to refile.

Signed: October 11, 2017

Robert J. Conrad, Jr.
United States District Judge